```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE SUTTON,                     : CIVIL NO: 1:07-CV-01798
                                   :
          Plaintiff                :
                                   : (Judge Conner)
     v.                            :
                                   : (Magistrate Judge Smyser)
CAPTAIN E. BRADLEY, et al.,        :
                                   :
          Defendants               :
```

**REPORT AND RECOMMENDATION**

On October 2, 2007, the plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint.

The defendants are officials and employees at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg).  The plaintiff alleges that his life is in danger at USP-Lewisburg.  He alleges that he requested protective custody but was instead put in administrative detention and then subsequently released to the general population.  He alleges that as a result of false statements in a incident report he was labeled as a snitch.  He alleges that he was

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

subsequently assaulted by gang members, and that the assault caused him serious injuries including a broken jaw.  The plaintiff alleges that he did not receive appropriate medical care for his injuries and that he was placed in an unsanitary cell with no clothing or linens.  He also alleges that he was denied psychological counseling, prescribed treatments for his Crohn's disease and an adequate diet.  He also alleges that he did not receive adequate dental care with respect to the wires in his mouth as a result of his broken jaw.

On October 10, 2007, the plaintiff filed a document entitled "Emergency Motion, Order to Show Cause on a Preliminary Injunction and Temporary Restraining Order."  The body of this document is in the form of a proposed order.  However, the document is entitled as a motion and it appears that the plaintiff intended it to be a motion.  We have construed the document as a motion for a preliminary injunction or a temporary restraining order.  On October 10, 2007, the plaintiff filed a brief and a declaration in support of this motion.  The plaintiff contends that the defendants are denying him appropriate medical treatment including failing to have the wires in his jaw removed according to the recommendation of his surgeon.

On October 15, 2007, the plaintiff filed the proper *in forma pauperis* forms and the Clerk of Court issued an administrative order to the Warden directing the collection of the filing fee in installments from the plaintiff's prison account.

By an Order dated October 19, 2007, we granted the plaintiff's application to proceed *in forma pauperis*, we directed the Clerk of Court/Marshal to immediately personally serve on the defendants the plaintiff's complaint, the plaintiff's motion for a preliminary injunction or temporary restraining order and the plaintiff's supporting brief and declaration.  The defendants were ordered to file a brief in opposition to the plaintiff's motion for a preliminary injunction or temporary restraining order within fifteen days after they are served.

On November 9, 2007, the plaintiff informed the court that he has been transferred from USP-Lewisburg to USP-Pollock in Louisiana.

On November 13, 2007, the defendants filed a brief in opposition to the plaintiff's motion for a preliminary injunction or temporary restraining order.  The defendants

3

contend *inter alia* that the plaintiff's request for injunctive relief is moot since he is no longer incarcerated at USP-Lewisburg.

Because of his transfer from USP-Lewisburg, the plaintiff's claims for injunctive relief from the conditions at USP-Lewisburg and the alleged lack of care by the defendants at USP-Lewisburg are moot. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)(holding that a prisoner's claim for injunctive relief to improve conditions of confinement is moot if the prisoner is no longer subject to those conditions); *McKinnon v. Talladega County*, 745 F.2d 1360 (11th Cir. 1984)(holding that a prisoner's transfer from the county jail mooted his claim for declaratory and injunctive relief based on the conditions at the jail).

Based on foregoing, it is recommended that the plaintiff's motion (doc. 7) motion for a preliminary injunction or temporary restraining order be denied as moot and that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 6, 2007.