```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| EUGENE SUTTON, | : | **CIVIL NO. 1:07-CV-1798** |
| Plaintiff | : | (Judge Conner) |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| CAPTAIN E. BRADLEY, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff, a federal prisoner proceeding *pro se*, commenced this Biven's action by filing a complaint on October 2, 2007. Leave to proceed *in forma pauperis* was granted. The plaintiff was formerly confined to the United States Penitentiary in Lewisburg (USP-Lewisburg).

The defendants named in the complaint are: 1) Mr. Williamson, Warden at USP-Lewisburg; 2) Mr. Bradley, a captain at USP-Lewisburg; 3) Mr. Hoekman, a special investigative agent at USP-Lewisburg; 4) Mr. Rodgers, a food services administrator at USP-Lewisburg; 5) Mr. Hooper, a lieutenant at USP-Lewisburg; 6) Mr. Karpen, a psychologist at USP-Lewisburg; 7) Mr. Peoria, a physician's assistant at USP-Lewisburg; 8) Mr. Contri, a specialty program coordinator at USP-Lewisburg; 9) Mr. Childress, a unit manager at USP-Lewisburg; 10) Mr. Metzger, a correctional counselor at USP-Lewisburg; and 11) nine "unknown" individuals.

In the complaint, the plaintiff alleges that his life was in danger at USP-Lewisburg.[1]  He alleges that he requested protective custody but was instead put in administrative detention and then subsequently released to the general population.  He alleges that as a result of false statements in an incident report he was labeled as a snitch.  The plaintiff alleges that he was subsequently assaulted by gang members and that the assault caused him serious injuries including a broken jaw.  The plaintiff alleges that he did not receive appropriate medical care of his injuries and that he was placed in an unsanitary cell with no clothing or linens.  He also alleges that he was denied psychological counseling, prescribed treatments for his Crohn's disease and an adequate diet.  He alleges that he did not receive adequate dental care while wires were in his mouth to set his broken jaw.

On February 25, 2008, the defendants filed a motion to dismiss, or in the alternative, for summary judgment.  (Doc. 29). On March 31, 2008, the defendants filed a supporting brief and a statement of facts in compliance with LR 56.1.  (Docs. 31, 32). The plaintiff filed a brief in opposition to the motion to dismiss on September 22, 2008.  (Doc. 54).  The plaintiff failed to respond to the defendants' statement of material facts, despite being directed to do so by the court.  The defendants filed a reply brief on October 9, 2008.  (Doc. 55).

---

[1] On November 9, 2007, the plaintiff informed the court that he has been transferred from USP-Lewisburg to USP-Pollock in Louisiana.  The plaintiff is currently incarcerated at the Federal Correctional Institution at El Reno, Oklahoma.

The court will decide this matter pursuant to the summary judgment standard.  The defendants submitted documents outside the pleadings, thus summary judgment is the appropriate avenue.  *See* Fed.R.Civ.P 12(b)(6)(If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir.  2003).  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  "Our function at

the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

In their supporting brief, the defendants argue that summary judgment should be granted in their favor because the plaintiff failed to exhaust any of his administrative remedies prior to seeking judicial relief.

42 U.S.C. § 1997e(a), provides:
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative

4

defense. *Jones v. Bock,* 127 S.Ct. 910, 921 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a).

The defendants have submitted a declaration from Adam J. Ackley, an Attorney Advisor with the Bureau of Prisons at the Consolidated Legal Center, Allenwood. Mr. Ackley states in his

5

declaration that he has access to the official records compiled and maintained by the Federal Bureau of Prisons. *Ackley Decl.* at ¶2. He states that the plaintiff has filed seven administrative remedies since June 29, 2007, the date the plaintiff requested protective custody. *Id.* at ¶5. Mr. Ackley described the seven administrative remedies filed by the plaintiff since June 29, 2007, and discussed their status as of March 7, 2008, when Mr. Ackley accessed the plaintiff's records. *Id.* at ¶¶5-20.

On September 17, 2007, the plaintiff filed administrative remedy request 466640-F1 while he was housed at USP-Lewisburg. *Id.* at ¶6. In administrative remedy request 466640-F1, the plaintiff alleged that staff provoked a brutal attack against him by falsifying government documents. *Id.* The remedy was rejected on September 17, 2007, because the plaintiff had failed to attempt informal resolution prior to filing the administrative remedy. *Id.* at ¶7. The plaintiff was advised that he could resubmit his request within 10 days and that he should submit a copy of his informal resolution attempt along with the administrative remedy. *Id.*

The plaintiff filed administrative remedy request 466640-F2 at USP-Lewisburg on September 21, 2007. *Id.* at ¶8. The plaintiff alleged that staff provoked a brutal attack against him by falsifying government documents. *Id.* The plaintiff alleged that the staff wrongly attributed a statement in an incident report to him, which was why he was assaulted on August 3, 2007. *Id.* The plaintiff requested $288,575,000 in

compensation. *Id*. On October 3, 2007, the staff at USP-Lewisburg responded to administrative remedy request 466640-F2. *Id*. at ¶9. The plaintiff was advised that allegations of staff misconduct are taken very seriously, and his allegations would be investigated. *Id*. The plaintiff was also advised that if he was dissatisfied with this response, that he could appeal to the Northeast Regional Office. *Id*.

On October 15, 2007, the plaintiff filed administrative remedy request 466640-R1 with staff at the Federal Bureau of Prisons' Northeast Regional Office, appealing the decision of administrative remedy request 466640-F2. *Id.* at ¶10. Administrative remedy request 466640-R1 was rejected on November 1, 2007 because the plaintiff failed to sign the administrative remedy request. *Id*. The plaintiff was notified that he could re-file his appeal within 10 days of the rejection notice. *Id*.

The plaintiff filed administrative remedy request 466640-R2 with the Federal Bureau of Prisons' Northeast Regional Office appealing administrative remedy request 466640-F2. *Id*. at ¶12. The plaintiff stated that he was not satisfied with the response to administrative remedy request 466640-F2 and reiterated his claim that USP-Lewisburg staff falsified government records, as well as requesting his previous remedies. *Id*. Specifically, the plaintiff alleged that he never reported to USP-Lewisburg staff that he was chased with a knife by an inmate. *Id*. Administrative remedy request 466640-R2 was denied on December 12, 2007. *Id*. at ¶13.

On January 2, 2008, the plaintiff filed administrative remedy request 477629-F1 with the staff at the United States Penitentiary in Pollock, Louisiana (USP-Pollock). *Id*. at ¶14. The plaintiff alleged that he was transferred from USP-Lewisburg before receiving a response to administrative remedy request 466640-F2 and that he never received a forwarded response at USP-Pollock. *Id*. The plaintiff stated that he was attempting to appeal his Informal Resolution Attempt to Counselor Metzger and requested the same remedies he requested in the Informal Resolution Attempt. *Id*. On January 25, 2008, administrative remedy 477629-F1 was denied. *Id.* at 16.

On January 23, 2008, the plaintiff filed administrative remedy request 466640-A1 with the Federal Bureau of Prisons' Central Office alleging that staff provoked an assault against him by falsifying documents. *Id*. at 15.

On March 5, 2008, the plaintiff filed administrative remedy request 484807-F1 at USP-Pollock alleging that an officer did nothing to prevent him from being assaulted at USP-Pollock. *Id*. at ¶17.

At the time Mr. Ackley viewed the plaintiff's records, March 7, 2008, investigations of administrative remedy request 466640-A1 and administrative remedy request 484807-F1 were still pending. *Id*. at ¶18. Mr. Ackley further stated that on December 13, 2007, the plaintiff's allegations that staff at USP-Lewisburg falsified the incident report issued to the other inmate involved

8

in the August 2007 assault were referred to the Office of Internal Affairs for investigation.  *Id*. at ¶20.

Exhaustion of administrative remedies must be completed prior to the time the complaint is filed.  42 U.S.C. § 1997e(a).

The plaintiff has not exhausted the available administrative remedies prior to the initiation of the action at hand.  The plaintiff initiated this action on October 2, 2007, by filing a complaint.  As Mr. Ackley indicated, the plaintiff filed his first administrative remedy concerning allegations made in the complaint on September 17, 2007.  The plaintiff continued to file administrative remedies through 2008.  Responses to two administrative remedies are still pending, and the plaintiff's claim that staff at USP-Lewisburg falsified an incident report is currently under investigation.

Since the case must be dismissed on exhaustion grounds, the Court will not address the defendants' other arguments.

It is recommended that defendants' motion for summary judgment (Doc. 29) be granted and that the case be dismissed on the basis that the plaintiff failed to exhaust available

administrative remedies as required by 42 U.S.C. § 1997e(a). Accordingly, the defendants' motion to suspend the case management order (Doc. 56) should be dismissed.

                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:  November 5, 2008.