IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE SUTTON**, | : | CIVIL ACTION NO. 1:07-CV-1798 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CAPTAIN E. BRADLEY**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 26th day of January, 2009, upon consideration of the report of the magistrate judge (Doc. 58), recommending that defendants' motion for summary judgment[1] (Doc. 29) be granted, and, following an independent review of the record, it appearing that plaintiff has not exhausted available administrative remedies as to all claims, and that such exhaustion is a necessary prerequisite to the filing of a complaint in federal court, see 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[1] The motion sought dismissal of the complaint, but was accompanied by affidavits and exhibits outside of the pleadings. The magistrate judge notified all parties that the motion would be considered under Rule 56 of the Federal Rules of Civil Procedure and instructed plaintiff to respond to the motion as one for summary judgment. See (Docs. 34, 44); FED. R. CIV. P. 12(d) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Plaintiff filed a brief in opposition to the motion and accompanying exhibits on September 22, 2008. (See Doc. 54.)

available are exhausted."); see also Porter v. Nussle, 534 U.S. 516, 523-26 (2002), it is hereby ORDERED that:

1. The report (Doc. 58) of the magistrate judge is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 29) is GRANTED.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff for failure to exhaust administrative remedies.

4. Defendant's motion for suspension of the court's amended case management order (Doc. 56) is DENIED as moot.

5. Any appeal from this order is deemed frivolous and not in good faith. See 28 U.S.C. §1915(a)(3).

6. The Clerk of Court is instructed to CLOSE this matter.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge